ZILLY, Senior District Judge,
concurring in part and dissenting in part:
I agree that Chief Fong was not a final policymaker for purposes of hiring and promotion. As a result, the City is not *747 liable on Schiffs claims. I also agree that, notwithstanding the settlement of Schiffs prior lawsuit, Schiff was not precluded from relying on the City’s use of banding as evidence in this case.
Schiff alleges he was discriminated against based on race in connection with his efforts to be promoted to Lieutenant in October 2008. The majority correctly assumes Schiff established a prima facie case of discrimination but concludes he failed to introduce evidence that would raise a genuine issue of fact as to whether the City’s proffered reasons for not promoting him were pretextual. I disagree and would reverse the trial court’s decision to grant summary judgment against Schiff on his discrimination and retaliation claims. When this Court reviews a district court’s order granting summary judgment, the Court must view the record in the light most favorable to the non-moving party (Schiff) and draw all reasonable inferences in favor of that party. Under this well-established standard, the district court erred in granting summary judgment in favor of the defendants.
At the time this action was filed in October 2008, Schiff was a Sergeant in the San Francisco Police Department (“SFPD”). Schiff is white. Schiff and 10 other officers previously sued the City in 2003, alleging racial discrimination in appointments made from the 1999 Lieutenant-eligible list. Schiffs current action involves the failure to promote him in October 2008 based on the 2005 Lieutenant eligible list. Based on his examination score, Schiff was ranked 29 on a list of 152 individuals on the 2005 Lieutenant-eligible list.
Under the City’s practice of “banding,” the first 11 candidates on the 2005 Lieutenant-eligible list were promoted, and thereafter a sliding band was used to fill the remaining slots down to the individual ranked 66. In the “banding” process, secondary criteria were also considered, including assignments, training, education, special qualifications, commendations, awards, bilingual certification, and discipline history. Sergeant Gittens, a minority officer ranked 66, was promoted to Lieutenant over Schiff. Schiff had a college degree, had been awarded medals of valor, speaks a foreign language, had been a sergeant for 16 years, and had previously been an “acting” Lieutenant. In contrast, Gittens had eight years at the rank of sergeant, and did not have any of Schiffs other qualifications.
The practice of “banding” in making the October 2008 promotions was itself evidence of discrimination. It is undisputed that “banding” is an SFPD practice used to boost the number of minority candidates eligible for promotion over white candidates. As the majority and I agree, this evidence of “banding” should have been considered by the district court in ruling on the motion for summary judgment, despite the settlement of Schiffs prior lawsuit. The majority and I part ways concerning whether this evidence created a genuine issue of material fact as to pretext. I am persuaded that this evidence sufficiently demonstrated the City favored minority candidates in the promotional process so as to make summary judgment inappropriate. Moreover, Schiffs superior qualifications, standing alone, were enough to establish a question of fact relating to pretext.
The City contends Schiff was not promoted because disciplinary charges were pending against him at the time of the October 2008 promotions, including one for neglect of duty. The City’s reliance on these events, which occurred in late September 2008, immediately before the October 2008 selections, is highly suspect. Schiff indicates that, after he had been an *748 SFPD officer for more than 20 years without any disciplinary problems, Captain Barrett filed five disciplinary violations against him on October 1, 2008, the day before Chief Fong announced additional promotions to Lieutenant, and two days before the 2005 Lieutenant-eligible list expired. Chief Fong did not promote Schiff allegedly because of the five violations filed by Captain Barrett, but Chief Fong admitted that, with respect to other candidates, she looked only at internal affairs complaints that had been sustained. At the time Schiff was passed over for promotion, Captain Barrett’s charges against Schiff were merely allegations, and four of the five alleged violations were later found to be unsubstantiated. Schiff contends that the allegations against him were trumped up by Captain Barrett to create a disciplinary infraction that would block his promotion. Schiff has made a sufficient showing to survive summary judgment, presenting factual questions as to whether the disciplinary charges were merely pretext.
I also disagree with the majority’s decision to affirm the dismissal of the retaliation claim. Schiff has had a long history of complaints against the SFPD. Schiff s pri- or litigation (Schiff I), initiated in 2003, involved the same “banding” policy. The majority concludes, I believe incorrectly, that the district court did not err in determining that the five years between the filing of Schiff I and the failure to promote Schiff to Lieutenant, allegedly as a result of retaliation, destroyed the required causal link between the protected activity and the adverse employment action. October 2008 was Chief Fong’s first opportunity after Schiff I to decide whether to promote Schiff. This Circuit has cautioned against engaging in “a mechanical inquiry into the amount of time between the [protected activity] and the alleged retaliatory action” and has rejected the application of any “bright-line rule providing that a certain period of time is per se too long to support an inference of retaliation.” Anthoine v. N. Cent. Counties Consortium, 605 F.3d 740, 751 (9th Cir.2010). The circumstances of this case do not support the district court’s reliance on the passage of time, particularly in light of the fact that none of the five other Schiff I plaintiffs on the 2005 Lieutenant-eligible list were promoted by Chief Fong in 2008. Summary judgment on the retaliation claim should not have been granted.
For the foregoing reasons, I must respectfully dissent.